**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID SUSSSMAN a/k/a MARK SUSSMAN M.D. on behalf of himself and all others similarly situated,<br><br>        *Plaintiff*,<br><br>    *v.*<br><br>I.C. System, Inc.<br><br>        *Defendant*. | Civil Action 12-CV-0181<br><br><br>ECF CASE |

---

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR INTERLOCUTORY APPEAL

---

**SCHLAM STONE & DOLAN LLP**
Jeffrey M. Eilender
Raffi Melkonian
26 Broadway
New York, New York 10004
(212) 344-5400 (telephone)
(212) 344-7677 (facsimile)

**BELLIN & ASSOCIATES LLC**
Aytan Y. Bellin, Esq.
85 Miles Avenue
White Plains, New York 10606
(914) 358-5345 (telephone)
(212) 571-0284 (facsimile)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ii-iii

BACKGROUND ...................................................................................................... 1

ARGUMENT .......................................................................................................... 2

I.  THE MOTION IS UNTIMELY .................................................................... 4

II.  THERE IS NO SUBSTANTIAL DISAGREEMENT WITH RESPECT
     TO WHETHER THE TCPA PREEMPTS GBL 399-P ......................................... 6

     A.  Substantial Disagreement Something More Than Arguments
         Already Raised And Rejected In Prior Briefing ..................................... 6

     B.  Defendant Cannot Show A Substantial Ground For Difference
         Of Opinion Here ............................................................................. 7

III.  AN INTERLOCUTORY APPEAL WOULD NOT SUBSTANTIALLY
      ADVANCE THE ULTIMATE TERMINATION OF THIS LITIGATION ................... 10

IV.  NO STAY IS JUSTIFIED HERE .................................................................... 12

     CONCLUSION ...................................................................................... 14

# TABLE OF AUTHORITIES

*Atlantic City Electricity Co. v. General Electric Co.*,
    207 F.Supp. 613 (D.C.N.Y. 1962) ..................................................................................12

*Casey v. Citibank, North America*,
    2013 WL 1501008 (N.D.N.Y. Apr. 10, 2013) ............................................................ 10-11

*Century Pacific, Inc. v. Hilton Hotels Corp.*,
    574 F.Supp.2d 369 (S.D.N.Y. 2008)................................................................................5

*Chan v. City of New York*,
    803 F.Supp. 710 (S.D.N.Y. 1992) ................................................................................12

*EEOC v. Maggies Paratransit Corp.*,
    351 F. Supp. 2d 51 (E.D.N.Y. 2005) ..............................................................................3

*Fagan v. Republic of Austria*,
    2009 WL 1423338, at *4 (S.D.N.Y. May 19, 2009).......................................................13

*German by German v. Federal Home Loan Mortgage Corp.*,
    896 F.Supp. 1385 (S.D.N.Y. 1995) ...........................................................................3, 7

*Gottlieb v. Carnival Corp.*,
    367 F. Supp.2d 301 (E.D.N.Y. 2005). ...........................................................................9

*Gottlieb v. Carnival*,
    635 F. Supp.2d 213 (E.D.N.Y 2009) .............................................................................9

*Green v. City of New York*,
    2006 WL 3335051 (E.D.N.Y. Oct. 23, 2006)..................................................................5

*S.E.C. v. Gruss*,
    2012 WL 3306166, (S.D.N.Y. Aug. 13, 2012) ...........................................................6, 8

*Gulino v. Board of Education Of City School*,
    ___ F.Supp.2d ____, 2012 WL 6043803 (S.D.N.Y. 2012) ..............................................13

*In re Air Crash Near Nantucket Island*,
    2004 WL 2269675 (E.D.N.Y. Oct. 8, 2004)..................................................................10

*In re Bank of America Corp. Securities, Derivative*,
    2012 WL 1308993 (S.D.N.Y. Apr. 16, 2012)..................................................................5

*In re Flor*,
    79 F.3d 281 (2d Cir. 1996)........................................................................................3, 7

*In re Literary Works in Electronic Databases Copyright Litigation*,
 2001 WL 20412 (S.D.N.Y. Mar. 1, 2001) .........................................................................13

*In re NASDAQ Market Makers Antitrust Litigation*,
 938 F. Supp. 232 (S.D.N.Y. 1996) ...........................................................................7, 9, 10

*In re WorldCom, Inc. Securities Litigation*,
 2003 WL 22953644 (S.D.N.Y. Dec. 16, 2003) ............................................................ 9-10

*Ishikawa v. Delta Airlines*,
 343 F.3d 1129 (9th Cir. 2003) ..........................................................................................8

*Klein v. Vision Lab Telecommunications Inc.*
 399 F.Supp.2d 528 (S.D.N.Y. 2005)................................................................................8, 9

*Koehler v. The Bank of Bermuda Ltd.*,
 101 F.3d 863 (2d Cir. 1996)...............................................................................................2

*Mills v. Everest Reinsurance Co.*,
 771 F.Supp.2d 270 (S.D.N.Y. 2009).................................................................................12

*Moll v. United States Life Title Insurance Company of New York*,
 1987 WL 10026 (S.D.N.Y. 1987)....................................................................................6, 8

*Morris v. Flaig*,
 511 F.Supp.2d 282 (E.D.N.Y. 2007) .................................................................................5

*Nken v Holder*,
 556 U.S. 418 (2009)....................................................................................................12, 13

*Patriotic Veterans Inc. v. Zoeller*,
 821 F.Supp.2d 1074 (S.D. Ind. 2011)......................................................................8, 9, 10

*Pereira v. Cogan*,
 265 B.R. 32 (S.D.N.Y. 2001)...........................................................................................11

*Pergament v. Yerushalmi*,
 2011 WL 5825762 (E.D.N.Y. Nov. 15, 2011)................................................................11

*Ralph Oldsmobile, Inc. v. General Motors Corp.*,
 2001 WL 55729 (S.D.N.Y. Jan. 23, 2001) ....................................................................6, 8

*Republic of Columbia v. Diageo North America*,
 619 F.Supp.2d 7 (E.D.N.Y. 2007) .....................................................................................4

*Ronzani v. Sanofi S.A.*,
 1991 U.S. Dist. LEXIS 4409 (S.D.N.Y. Apr. 9, 1991)......................................................3

iii

*Sardinia v. Dellwood Foods, Inc.*,
  1995 WL 710205 (S.D.N.Y. Dec. 1, 1995) ...................................................................10

*Securities Exchange Commission v. Gruss*,
  2012 WL 3306166 (S.D.N.Y. Aug. 13, 2012) ..................................................................6

*Sussman v. I.C. System, Inc.*,
  ___ F.Supp.2d ___, 2013 WL 842598 (S.D.N.Y. 2013) ...................................................1

*Sutherland v. Erst & Young LLP*,
  856 F.Supp.2d 638 (S.D.N.Y. 2012)..............................................................................12

*Switzerland Cheese Association v. Horne's Market, Inc.*,
  385 U.S. 23 (1966).........................................................................................................

*United States ex rel. Drake v. NSI, Inc.*,
  736 F.Supp.2d 489 (D. Conn. 2010)..............................................................................12

*Wausau Business Insurance Co. v. Turner Construction Co.*,
  151 F. Supp. 2d 488 (S.D.N.Y. 2001)..............................................................................3

*Weir v. Propst*,
  915 F.2d 283 (7th Cir. 1990) ..........................................................................................5

## RULES, CODES, STATUTES AND OTHER AUTHORITIES

15 U.S.C. § 1692(c) .........................................................................................................6

28 U.S.C. §1292(b) ................................................................................................ *passim*

GBL 399-p ............................................................................................................. *passim*

Plaintiff David Sussman ("Plaintiff"), by his undersigned counsel, submits this memorandum of law in opposition to the motion by Defendant I.C. System's ("Defendant") motion seeking an order certifying the Court's decision denying Defendants' motion to dismiss for an interlocutory appeal.

## BACKGROUND

This is the third time Defendant has argued to this Court that GBL 399-p is preempted by the Telephone Consumer Protection Act (the "TCPA"). First, Defendant filed a motion to dismiss making all of the arguments contained in this motion. This Court rejected those claims in an extensively reasoned opinion on March 6, 2013, *Sussman v. I.C. System, Inc.*, ___ F.Supp.2d ___, 2013 WL 842598 (S.D.N.Y. 2013) (the "March Opinion). In that opinion, the Court analyzed the controlling Second Circuit case law and held that "Congress did not expressly or impliedly preempt state law through the enactment of the TCPA." *Id.* at *5. Defendant then moved for reconsideration, which this Court denied from the bench on April 4, 2013 in part because Defendant's motion presented no new arguments. This motion, for interlocutory appeal under 28 U.S.C. §1292(b), presents exactly the same claims, relies on the same cases and cites the same authorities that this Court has twice before rejected.

This motion, like the two before it, should be denied. For one thing, it is untimely. This Court issued its first opinion two months ago. Defendant then strategically chose to make a reargument motion *prior* to making a consecutive motion for interlocutory appeal (rather than making those claims in the alternative in the same motion). Courts have routinely dismissed motion for interlocutory appeal for delays of this kind.

The motion for interlocutory appeal fares no better on the merits. First, interlocutory appeal is not appropriate here at base because this case presents neither a question raising a

substantial disagreement between courts nor would early appeal substantially advance the termination of litigation. To the contrary, there is controlling authority in this Circuit that GBL 399-p is not preempted, and even if the Second Circuit were to reverse this Court's determination, substantial class-action litigation would nonetheless go forward on Plaintiff's FDCPA claims.

Even if Plaintiff *could* satisfy the test for interlocutory appeal, moreover, this Court should deny the request for prudential reasons under its plenary discretion to refuse to certify interlocutory appeals. No interest in judicial efficiency would be served by granting interlocutory appeal because, even if GBL 399-p were preempted, this Court would still need to adjudicate the FDCPA claims. That would require supervision of extensive discovery, a likely summary judgment motion and eventual trial. It makes no sense to short-circuit the normal appellate procedure when there is no efficiency gain for the Court or the federal judiciary.

Finally, there is no basis here for a stay of the proceedings pending interlocutory appeal. Like a preliminary injunction, that remedy requires the movant to show irreparable harm, a strong showing of success on the merits, no prejudice to plaintiff and a public interest in resolution of the appeal. Defendant can meet none of those tests, particularly where discovery has essentially been stayed since this case was filed in the first days of 2012.

This case is ready for discovery. Defendant's last-ditch effort to further delay adjudication should be rejected.

## ARGUMENT

"It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. The Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). Thus, although 28 U.S.C. § 1292 creates a limited exception to this rule, permitting a district court on

2

rare occasions to certify an issue for interlocutory appeal, such certification is appropriate only in "exceptional cases," *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 492 (S.D.N.Y. 2001), and should be approached "gingerly lest a floodgate be opened that brings into the exception many pretrial orders," *Switzerland Cheese Assn. v. Horne's Mkt., Inc.*, 385 U.S. 23, 24 (1966). *See also In re Flor*, 79 F.3d 281, 283-84 (2d Cir. 1996) (interlocutory appeal permissible only in "limited circumstances"). Under section 1292(b), a district court may certify an interlocutory appeal only when that appeal would involve "a controlling question of law as to which there is substantial ground for difference of opinion and [where] an immediate appeal from the order may materially advance the ultimate termination of the litigation."

That an appellate court might reverse a district court's denial of a motion to dismiss does not suffice to permit an interlocutory appeal. Instead, the controlling statute requires a finding that an interlocutory appeal will **both** advance the termination of litigation **and** resolve a controlling issue of law about which there is **substantial disagreement**. 28 U.S.C. § 1292(b). Thus, while orders denying motions to dismiss are quite common, orders certifying interlocutory appeals are exceedingly rare. *See, e.g.*, *EEOC v. Maggies Paratransit Corp.*, 351 F. Supp. 2d 51, 55 (E.D.N.Y. 2005) (denying motion to certify interlocutory appeal of denial of motion to dismiss); *Ronzani v. Sanofi S.A.*, 1992 WL 61082, at *1 (S.D.N.Y. Apr. 9, 1991) (denying motion to certify interlocutory appeal of denial of motion to dismiss for lack of subject-matter jurisdiction). Interlocutory appeal is "not intended as a vehicle to provide early review of difficult rulings in hard cases." *German by German v. Federal Home Loan Mortg. Corp.*, 896 F.Supp. 1385, 1398 (S.D.N.Y. 1995).

The statutory requirements for certification cannot be met in this case. Even if they were met, this Court retains full discretion to deny a certificate of appealability because allowing

appeal here would not serve the efficiency purposes of Section 1292(b)  *See, e.g., Republic of Columbia v. Diageo North America*, 619 F.Supp.2d 7, 9 (E.D.N.Y. 2007) ("District court judges have broad discretion to deny certification even where the statutory criteria are met"). Regardless of whether GBP 399-p is preempted or not (and, of course, it is not) this Court will still be called upon to adjudicate this case.  In that context, it makes no sense as a matter of discretion to permit interlocutory appeal.  *Id.* ("The institutional efficiency of the federal court system is among the chief concerns underlying Section 1292(b)).

## I.       THE MOTION IS UNTIMELY

Although, to be sure, there is no statutory time limit in 28 U.S.C. § 1292(b) for bringing an interlocutory appeal, courts in this Circuit have often found such appeals to be untimely where they are the subject of inordinate delay.  That is because the very structure of § 1292(b) requires speed; on its face, the statute asks the district court to include the order certifying the appeal in the *original order*, not in a subsequent order months down the road:

> When a district judge, in making in a civil action an order not
> otherwise appealable under this section, shall be of the opinion that
> such order involves a controlling question of law as to which there
> is substantial ground for difference of opinion and that an
> immediate appeal from the order may materially advance the
> ultimate termination of the litigation, he shall so state **in such
> order** (emphasis added).

28 U.S.C. §1292(b); (emphasis added).

As Judge Posner has explained, although courts have not applied that rule literally, the simultaneity requirement of §1292(b), combined with the ten day time period for seeking permission to appeal from the Circuit Court after certification demonstrates that a party seeking interlocutory appeal must act quickly;

> Cases such as *Nuclear Engineering* and *Benny* may be thought to
> stand for the proposition that reasonable simultaneity of the
> certification with the order certified is required.  If so, the

defendants are sunk.   The requirement that the district court
include the required certification in the order to be appealed, and
that the appellant seek our permission to take the appeal within ten
days after the order, indicates that celerity was to be the touchstone
of appealability under that section.   The reason is not hard to see.
An interlocutory appeal normally interrupts the trial even though it
does not suspend the trial court's jurisdiction, and the parties ought
to know at the earliest possible opportunity whether such an
interruption is going to occur.

*Weir v. Propst,* 915 F.2d 283, 286 (7th Cir. 1990).

The rule of *Weir* has been widely adopted by district courts in this circuit and in this

district, and thus courts have often refused to certify appeals due to delay.   Thus, a court has

rejected a motion for interlocutory appeal based on as little as a two month delay in requesting

certification, in part because such a delay indicated that "the saving of time was of little concern

in this case." *Green v. City of New York*, 2006 WL 3335051, at *2 (E.D.N.Y. Oct. 23, 2006)

(collecting cases); *see also In re Bank of America Corp. Securities, Derivative*, 2012 WL

1308993 (S.D.N.Y. Apr. 16, 2012) ("Although section 1292(b) does not include an express

limitations period, courts in this Circuit and elsewhere have denied motion under section 1292(b)

when they were filed two to three months after the underlying order"), *citing Weir*; *Morris v.

Flaig*, 511 F.Supp.2d 282, 315 (E.D.N.Y. 2007) (collecting cases, including *Weir*); *Century

Pacific, Inc. v. Hilton Hotels Corp.*, 574 F.Supp.2d 369, 371 (S.D.N.Y. 2008) (citing *Weir*).

Defendant's delay of more than a month here is alone enough to require denial of its

motion.   It is no answer to say that Defendant acted promptly after denial of its motion for

reargument; the decision to make such a motion was his own choice.   Instead, Defendant could

simply have asked for reargument or certification for interlocutory appeal in the alternative, as is

commonly done in this Circuit.   Having failed to do so, Defendant cannot now hark back to its

original motion to seek interlocutory appeal.   At most, Defendant can make a timely motion for

interlocutory appeal of this Court's denial of reargument.   But such a motion would be doomed,

5

because, as this Court concluded, there was nothing that could satisfy the standards for reargument in Defendant's motion.   Thus, this Court need go no further.  Defendant's motion is untimely.

II.   **THERE IS NO SUBSTANTIAL DISAGREEMENT WITH RESPECT TO WHETHER THE TCPA PREEMPTS GBL 399-P**

A threshold requirement for interlocutory appeal is that the appeal present a question of law about which there is substantial disagreement.  Defendant does not and cannot meet that high standard here.[1]

A.   **Substantial Disagreement Something More Than Arguments Already Raised And Rejected In Prior Briefing**

In deciding whether there is "substantial disagreement" sufficient for interlocutory appeal the Court is required to "analyze the strength of the arguments in opposition to the challenged ruling, and determine whether there is substantial doubt that the district court's order was correct."  *S.E.C. v. Gruss*, 2012 WL 3306166, at *3 (S.D.N.Y. Aug. 13, 2012).   It is well established that a party "that offers only arguments rejected on the initial motion does not meet the second requirement of §1292(b)."  *See Ralph Oldsmobile, Inc. v. General Motors Corp.*, 2001 WL 55729, at *4 (S.D.N.Y. 2001) ("As to GM's cases from other states and circuits, a party that offers only arguments rejected on the initial motion does not meet the second requirement of §1292(b)"); *Moll v. U.S. Life Title Ins. Co. of New York*, 1987 WL 10026, at *3 (S.D.N.Y. 1987) (rejecting interlocutory appeal because "plaintiffs have failed to introduce any legal precedent that was not already considered and rejected by the Court"); *see also Gruss*, 2012 WL 3306166 at *4 ("These four points mostly repeat arguments made in Gruss' motion to

---

[1] Defendant claims that it has been put to a "Hobson's Choice" because it is required to either comply with GBL §399-p(3) to "leave pertinent information on a debtor's answering machine", or to comply with 15 U.S.C. § 1692(c), which provides forbids leaving a message from a debt collector *when heard by a person other than the debtor*. Although this is not the proper occasion for a full briefing of the issue, there is of course no Hobson's Choice— Defendant can comply with both rules.

dismiss and essentially highlight his disagreement with the May 9 Opinion. *Gruss'* claim that the Court's reasoning or ruling was incorrect, without more, does not demonstrate a substantial ground for difference of opinion").

Moreover, simply because a question of law has not been authoritatively addressed does not make the question grounds for a substantial difference of opinion. *German by German*, 896 F.Supp. at 1398. Nor is an issue of first impression enough: "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996). Rather, "it is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute." *Id.* (Emphasis in original). It is also clear that conflicts with courts in other circuits do not satisfy the statutory requirements for an interlocutory appeal. *See Ryan, Beck & Co., LLC v. Fakih*, 275 F. Supp. 2d 393, 397 (E.D.N.Y. 2003). ("Disagreement among courts outside the Second Circuit does not establish a substantial ground for difference of opinion.") (Describing as "misplaced" reliance on decisions from outside Second Circuit in "attempt[] to manufacture a 'substantial ground for difference of opinion'"); *In re NASDAQ Market Makers Antitrust Litig.*, 938 F. Supp. 232, 235 (S.D.N.Y. 1996) (opinions from other circuits "do not control in this Circuit and do not in themselves create 'substantial grounds' for a difference of opinion.").

B.   **Defendant Cannot Show A Substantial Ground For Difference Of Opinion Here**

Defendant's motion fails at bottom because it is nothing more than a rehash of the arguments already made in both the motion for reconsideration and in Defendant's original motion to dismiss, and rejected in the March Opinion. Indeed, the substantive arguments in

7

Defendant's motion are identical to the arguments already raised—the two cases on which Defendant relies, *Patriotic Veterans* and *Klein*, *see infra*—were carefully analyzed in the party's prior briefing, and Defendant's argument were rejected by the Court after equally careful consideration.   Under the rule of *Gruss*, *Ralph Oldsmobile*, and *Moll*, that alone is enough to deny the motion for interlocutory appeal.

In any event, there is no substantial ground for disagreement in this Circuit with respect to whether the TCPA preempts GBL 399-p.  As set forth in detail in our papers on the motion to dismiss, the Second Circuit has specifically ruled that the TCPA does not preempt more restrictive state telecommunication laws.   *See Holster v. Gatco*, 618 F.3d, 214, 218 (2d Cir. 2010) (the TCPA "expressly declined to preempt state regulations that were more restrictive of telemarketing than the minimal federal requirements of the statute.").   Even if Defendant's preemption argument were not precluded by *Holster*, the Second Circuit has also rejected Defendant's contention that the TCPA preempts state law through a negative inference from the TCPA's savings clause, *i.e.,* that because the TCPA expressly states that certain types of state laws are not preempted, Congress must have meant to preempt all other state laws.   In *Drake v. Laboratory Corp. of America Holdings*, 458 F.3d 48 (2d Cir. 2006), defendants argued that "the savings clause of the [Federal Aviation Act] regulations, which provides that some state criminal statutes are not preempted . . . impl[ies] that state law claims are otherwise broadly preempted." *Id.* at 62.   The Second Circuit rejected that argument, holding that the savings clause of the FAA regulations did not "carr[y] a negative pregnant that other state law is preempted".   *Id.*   In addition, as the Ninth Circuit held in a case upon which the Second Circuit panel in *Drake* relied, the reason that preemption by a negative inference from a savings clause argument cannot stand is "because of the presumption against preemption."   *Ishikawa v. Delta Airlines*, 343 F.3d 1129,

1132 (9th Cir. 2003).  As this Court already concluded, under the rule of *Drake* there is no preemption here.

Defendant can point only to two cases in its effort to manufacture a substantial ground for disagreement.  First, Defendant cites *Klein v. Vision Lab Telecommunications Inc.* 399 F.Supp.2d 528 (S.D.N.Y. 2005) as a case in which "a judge in the Eastern District of New York" has held "that the TCPA preempts state law."  (Br. at 10).  But *Klein* had nothing to do with preemption.  Rather, *Klein*, held that GBL 396-aa — a statute which is not even at issue here — did not cover interstate faxes.  *Id.* at 541.  To reach that conclusion, *Klein* relied on Judge Glasser's opinion in *Gottlieb v. Carnival Corp.*, 367 F. Supp.2d 301 (E.D.N.Y. 2005).  *See Klein*, 399 F.Supp.2d at 542.  However, the *Gottlieb* opinion was subsequently vacated by the Second Circuit which rejected Judge Glasser's (and therefore *Klein*'s) conclusion that GBL 396-aa did not cover interstate faxes.  *See Gottlieb v. Carnival*, 436 F.3d 335, 344 (2nd Cir. 2006) ("We take no position on *Gottlieb's* state law claim other than to note that New York's statute does not, on its face, limit itself in the way the District Court, relying on the purpose of the TCPA, as expressed in the statute's legislative history, suggested").  Significantly, on remand, Judge Glasser found that GBL § 396-aa reached interstate faxes and that the TCPA did not preempt GBL 396-aa.  *Gottlieb v. Carnival*, 635 F. Supp.2d 213, 223-226 (E.D.N.Y 2009).  Thus, *Klein* is not good law, and even if it were, does not create a substantial ground for disagreement with respect to preemption because it does not address preemption at all.

Defendant also assets that *Patriotic Veterans Inc. v. Zoeller*, 821 F.Supp.2d 1074 (S.D. Ind. 2011) creates a substantial ground for disagreement.  At base, *Patriotic Veterans* does not help Defendant because it is a District Court opinion from a different Circuit.  Under the well-established rule in this Circuit, such cases cannot as a matter of law create a sufficient

9

disagreement to satisfy § 1292(b). *See In re NASDAQ Market Makers Antitrust Litig*, 938 F. Supp. at 235. Defendant's cases to the contrary are inapposite. For instance, in *In re WorldCom, Inc. Securities Litig.*, 2003 WL 22953644 (S.D.N.Y. Dec. 16, 2003), the district court's prior opinion *itself*, in cases presenting exactly the same legal dispute, had been disagreed with by district courts in other jurisdictions. That is a long way from the situation here, where a single court in a different circuit operating under different binding authority reached a different conclusion on a similar but not identical preemption issue. And in *Sardinia v. Dellwood Foods, Inc.*, 1995 WL 710205 (S.D.N.Y. 1995), the issue had divided federal district courts in "dozens of reported decisions . . . around the nation." Again, a lone case in a different circuit does not satisfy that test.

Even if *Patriotic Veterans* were somehow relevant**,** it could not create a substantial ground for disagreement because the court there failed to grapple with the strong presumption against preemption, did not cite a single case for its theory that long-standing state statutes can be overturned by negative inferences, and in any event reached a conclusion that is contrary to the Second Circuit's opinion in *Drake*. Nor, of course, does *Patriotic Veterans* address GBL 399-p. Accordingly, *Patriotic Veterans* does not create a substantial disagreement with the March opinion.

## III.   AN INTERLOCUTORY APPEAL WOULD NOT SUBSTANTIALLY ADVANCE THE ULTIMATE TERMINATION OF THIS LITIGATION

Section 1292(b) permits the certification of an interlocutory appeal only when that appeal may materially advance the **ultimate** termination of the litigation. That standard is not met if only some of the claims before the court might be dismissed if the appeal were successful. *See, e.g., In re Air Crash near Nantucket Island*, 2004 WL 2269675, at *2 (E.D.N.Y. Oct. 8, 2004) (finding that appeal would not terminate litigation for purposes of section 1292 when litigation

on other claims would continue before the court) (citing *In re NASDAQ Market Makers Antitrust Litig.*, 938 F. Supp. 232, 234 (S.D.N.Y. 1996)); *Casey v. Citibank, N.A.*, 2013 WL 1501008, at *1 (N.D.N.Y. Apr. 10, 2013) ("Even assuming these issues involve controlling questions of law as to which there is substantial ground for difference of opinion, an appeal will not materially advance the ultimate termination of this case" because "the resolution of these  two questions will arguably impact only six of the twelve causes of action"); *Pergament v. Yerushalmi*, 2011 WL 5825762, at *1 (E.D.N.Y. Nov. 15, 2011) ("The Trustee's fraudulent conveyance causes of actions are not susceptible to Defendants' standing and statute of limitations defenses, and thus an interlocutory appeal would not materially advance the termination of this litigation").

An interlocutory appeal here would not advance the ultimate termination of this litigation.  At bottom, even if this Court's ruling on preemption was reversed and the GBP 399-p claims dismissed, this case would still proceed with respect the FDCPA claims.  Those claims are numerous and would require extensive discovery.  Moreover, that discovery would be extremely similar to (indeed, would overlap with) the discovery necessary to litigate Plaintiff's GBL 399-p claims.  *See, e.g., Pereira v. Cogan*, 265 B.R. 32, 34 (S.D.N.Y. 2001) (interlocutory appeal is "inappropriate when the 'remaining claims in the lawsuit [are] closely related, and no appreciable savings in time would be realized by an appeal").  To take only a few examples of the overlapping discovery in this case, Plaintiff's FDCPA claims will require Defendant to produce records of its calls into New York (including invoices, billing statement and/or telephone bills, which reflect the New York telephone numbers to which Defendant made calls), documents used or generated to instruct employees on the use of automatic dialing machines, documents showing the date and time telephone calls were made to New York residents, and documents indicating how telephone numbers were obtained for the phone calls Defendant

made.   There is simply no real distinction between the discovery needed for the two kinds of claims.

The cases on which Defendant relies are distinguishable.  In *Atlantic City Electricity Co. v. General Elec. Co.*, 207 F.Supp. 613, 620 (D.C.N.Y. 1962) — which is in any event a fifty year old case written at a time when the Federal docket was much less busy and therefore the demands of judicial efficiency less pressing—the question the court certified was determinative of whether the claims would include 20 years of allegations or only four.   That is materially different than the situation presented here.   As for *Chan v. City of New York*, 803 F.Supp. 710 (S.D.N.Y. 1992), there the Court suggested that a successful appeal might even "entirely" eliminate discovery.  *Id.* at 733.   Clearly, that is different than here, where discovery and this case will continue regardless.

## IV.   <u>NO STAY IS JUSTIFIED HERE</u>

Even if this Court were to certify interlocutory appeal, a stay pending the Second Circuit's disposition of the matter "is not automatic." *See, e.g., U.S. ex rel. Drake v. NSI, Inc.*, 736 F.Supp.2d 489 (D. Conn. 2010); *Mills v. Everest Reinsurance Co.*, 771 F.Supp.2d 270 (S.D.N.Y. 2009) ("When issuing a certificate of appealability, the court also has the discretion to stay the proceedings; such stay is not automatic, however"). Rather, "the determination whether to enter a stay pending an interlocutory appeal is within the discretion of the District Court." *Sutherland v. Erst & Young LLP*, 856 F.Supp.2d 638, 640 (S.D.N.Y. 2012).   The Court is meant to analyze that question by considering four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; (4) where the public interest lies. *Nken v Holder*, 556 U.S. 418, 434 (2009).  Following that oft-repeated test, district Courts in this circuit routinely exercise

their discretion to deny stays of discovery, even where a motion for interlocutory appeal is granted; this is especially so where discovery has been long delayed due to the resolution of a dispositive motion. *See, e.g., Republic of Columbia v. Diageo North America Inc.* 619 F.Supp.2d 7, 13 (E.D.N.Y. 2007) ("I decline, however, to stay discovery or any other proceeding pending the disposition of the appeal"); *Gulino v. Board of Educ. Of City School*, ___ F.Supp.2d ____, 2012 WL 6043803, at *29 (S.D.N.Y. 2012) (denying stay pending resolution of interlocutory appeal);

No stay should be granted here. First, Defendant here cannot satisfy the Supreme Court's *Nken* test. It will suffer no irreparable harm or even serious harm in the event a stay is denied – as explained above, this case would continue even if GBL 399-p was preempted. Nor has Defendant made any showing (much less a strong showing, as *Nken* requires) that it will succeed on the merits. To the contrary, Defendant's position is at odds with Second Circuit precedent. Defendant also cannot point to any other party who will be prejudiced by the adjudication of this case, and can show no public interest in staying discovery. Moreover, the idea that a further stay of discovery in this case would not prejudice Plaintiff is just wrong: Plaintiff has patiently waited for the Court to resolve Defendant's dispositive motion, and now that the Court has ruled, it is long past time for discovery to proceed.

Defendant's alternative argument that the Court should grant a stay pending the Seventh Circuit's decision in *Patriotic Veterans, supra*, is simply unsupported by any precedent. There is no justification for staying a case pending a decision of a different circuit that can have no possible bearing (other than as persuasive authority) on this case, and none of the cases Defendant cites say anything like that. *See, e.g., Fagan v. Republic of Austria*, 2009 WL 1423338, at *4 (S.D.N.Y. 2009) ("In this case, a number of the claims in the complaint are

13

intimately connected to claims currently on appeal before the *Second Circuit*") (emphasis added); *In re Literary Works in Electronic Databases Copyright Litigation*, 2001 WL 20412, at *3 (S.D.N.Y. Mar. 1, 2001) (granting stay "in light of a pending *U.S. Supreme Court decision that all agree* will significantly impact this multidistrict litigation") ( emphasis added).  In the absence of any case pending before the Supreme Court or the Second Circuit, the fact that a similar case is pending in the Seventh Circuit can have no relevance here.

**CONCLUSION**

For the foregoing reasons, the Court should deny Defendant's Motion seeking the certification of an interlocutory appeal and for a stay.

Dated: White Plains, New York
        May 8, 2013

> *Respectfully submitted,*
>
> **BELLIN & ASSOCIATES LLC**
> **A New York Limited Liability Company**
>
>
> By:  /s/ Aytan Y. Bellin
>      Aytan Y. Bellin, Esq.
>      85 Miles Avenue
>      White Plains, New York 10606
>      (914) 358-5345
>      (212) 571-0284 (fax)
>
>      and-
>
> **SCHLAM STONE & DOLAN LLP**
> Jeffrey M. Eilender, Esq.
> Raffi Melkonian, Esq.
> 26 Broadway
> New York, NY 10004
> (212) 344-5400
> (212) 344-7677 (fax)
>
> *Attorneys for Plaintiff*
> *David Sussman and the Proposed Classes*

14