UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 10/30/13
```

----------------------------------------------------------------x

DAVID SUSSMAN, a/k/a MARK SUSSMAN, M.D.
SUSSMAN individually and on behalf of all others
similarly situated,

                              Plaintiff,

        - against -

I.C. SYSTEM, INC.,

                             Defendant.

----------------------------------------------------------------x

                      **OPINION AND ORDER**
                       12-CV-0181 (ER)

<u>Ramos, D.J.:</u>

     Plaintiff David Sussman ("Sussman") commenced this action against Defendant I.C.

System, Inc. ("Defendant" or "I.C.") alleging violations of the Fair Debt Collection Practices

Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA" or the "Act") and Section 399-p of the New York

General Business Law ("GBL"). Doc. 1 ("Compl.") ¶¶ 39-48. On March 6, 2013, the Court

denied Defendant's motion to dismiss Plaintiff's state law claim on the ground that GBL § 399-p

is preempted by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (the

"March Order"). Doc. 32. Thereafter, on April 4, 2013, the Court denied Defendant's motion

for reconsideration of the March Order. *See* April 4, 2013 Minute Entry. Presently before the

Court is Defendant's Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. §

1292(b). Doc. 41. Specifically, Defendant requests that this Court certify the issue of whether

the TCPA preempts Plaintiff's state law claims under GBL § 399-p for interlocutory appeal to

the Second Circuit. For the reasons set forth below, Defendant's motion is DENIED.

     The parties' familiarity with the facts and record of prior proceedings before this Court is

assumed.

I.    **Legal Standard**

Section 1292 of Title 28 of the United States Code grants district courts discretion to certify an issue for interlocutory appeal where the issue involves "a controlling question of law as to which there is substantial ground for difference of opinion and [where] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) (citation omitted). Accordingly, § 1292(b) "must be strictly construed" and "only exceptional circumstances" will justify a departure from the final judgment rule. *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 151 F. Supp. 2d 488, 491 (S.D.N.Y. 2001) (internal quotations marks and citations omitted).

Whether to certify a question for interlocutory appeal under § 1292(b) is trusted to the sound discretion of the district court, which may deny certification even where the statutory criteria are met. *Republic of Colombia v. Diageo N. Am. Inc.*, 619 F. Supp. 2d 7, 9 (E.D.N.Y. 2007) (citation omitted). Moreover, the fact that district courts have the power to certify questions for interlocutory appeal in no way suggests that interlocutory appeals should be the norm. *Id.* at 10. Indeed, the Second Circuit has held that although § 1292(b) was designed as a means to make interlocutory appeals available, "it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler*, 101 F.3d at 865. Accordingly, the Second Circuit has repeatedly emphasized that district courts must "exercise great care in making a § 1292(b) certification." *Wausau Bus. Ins. Co.*, 151 F. Supp. 2d at 491-92 (citing *Westwood Pharm., Inc. v. Nat'l Fuel Gas Dist. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992)).

## II.   Defendant's Motion for Certification is Denied

### a.   There is No Substantial Disagreement Regarding Whether the TCPA Preempts GBL § 399-p

Defendant argues that substantial ground for difference of opinion exists because:  (i) the March Order addresses a question of first impression in this Circuit, and (ii) this Court's Order conflicts with *Patriotic Veterans, Inc. v. Indiana ("Patriotic Veterans")*, 821 F. Supp. 2d 1074 (S.D. Ind. 2011), which is currently pending before the Seventh Circuit and is the only other reported decision on the issue of whether the TCPA preempts state law.  Def.'s Mem. L. 9-11.

Case law is clear that the fact that an issue presents a question of first impression is insufficient to render the issue grounds for substantial difference of opinion.  *See Sec. & Exchange Comm'n v. Gruss*, No. 11 Civ. 2420 (RWS), 2012 WL 3306166, at *3 (S.D.N.Y. Aug. 13, 2012) (citing *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996)); *see also Williston v. Eggleston*, 410 F. Supp. 2d 274, 277 (S.D.N.Y.2006) (holding that "[s]imply because a question of law has not been authoritatively addressed" "by either the Supreme Court or the Second Circuit . . . . does not make the question grounds for a substantial difference of opinion"); *Ralph Oldsmobile Inc. v. Gen. Motors Corp.*, No. 99 Civ. 4567 (AGS), 2001 WL 55729, at *4 (S.D.N.Y. Jan. 23, 2001).  Accordingly, that the narrow issue of whether the TCPA preempts § 399-p presents a matter of first impression for the Second Circuit is insufficient, standing alone, to make the question grounds for substantial difference of opinion.

Defendant argues that *Patriotic Veterans*, 821 F. Supp. 2d 1074 (S.D. Ind. 2011)—the only reported decision on the issue of whether the TCPA preempts state law—conflicts with the March Order and therefore demonstrates that a difference of opinion exists with respect to the

3

TCPA's preemptive effect on state laws.  Def.'s Mem. L. 9.  However, *Patriotic Veterans* does not control in this Circuit and does not, in itself, create a "substantial grounds" for difference of opinion.  *See In re NASDAQ Mkt. Makers Antitrust Litig.*, 938 F. Supp. 232, 235 (S.D.N.Y. 1996).  The case law upon which Defendant relies does not compel a different outcome and, in fact, actually supports Plaintiff's position.  For example, Defendant relies on *Sardinia v. Dellwood Foods, Inc.*, No. 94 Civ. 5458 (LAP), 1995 WL 710205 (S.D.N.Y. Dec. 1, 1995), in support of its position that a split among district courts is sufficient for granting certification. *See* Def.'s Mem. L. 10-11.  In certifying the issue of whether same-sex harassment claims are actionable under Title VII, however, the court in *Sardinia* noted that "[i]n *dozens* of reported decisions, th[e] issue has divided federal district courts around the nation."  *Sardinia*, 1995 WL 710205, at *1 (emphasis added); *see also In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288 (DLC), 2003 WL 22953644, at *6 (S.D.N.Y. Dec. 16, 2003) (holding that "there may be ground for a difference of opinion" where "a *handful of courts* elsewhere have reached a different conclusion and *at least one member of the Second Circuit* has indicated a possible disagreement with this Court's ruling") (emphasis added).  Here, on the other hand, Defendant has cited to only *one* opinion—from the Southern District of Indiana—that purportedly conflicts with this Court's March Order.  Accordingly, the Court finds that the *Patriotic Veterans* case does not create substantial grounds for difference of opinion.

Moreover, the Court notes that *Patriotic Veterans* did not resolve the *identical* issue as that presented here, as it determined the preemptive effect of the TCPA on *Indiana's Automated Dialing Machine Statute* ("IADMS"), not GBL § 399-p.  *Ralph Oldsmobile Inc.*, 2001 WL 55729, at *4 (noting that the cases defendant relies upon "do not resolve the *identical* issue because they interpret different statutes") (emphasis in original).  The IADMS, in relevant part,

precludes a caller from using an automatic dialing-announcing device unless (1) the subscriber has requested or consented to receipt of the message, or (2) the message is immediately preceded by a live operator who obtains the subscriber's consent before the message is delivered. *Patriotic Veterans*, 821 F. Supp. 2d at 1075-76. Section 399-p, on the other hand, requires that any person using an automatic calling device state at the beginning of the call the nature of the call and the name of the person on whose behalf the message is being transmitted and at the end of the message, the address and telephone number of the person on whose behalf the message is being transmitted. N.Y.G.B.L. § 399-p(3). Accordingly, unlike the IADMS, which effectively precludes the use of automated calls by requiring a live operator to obtain the subscriber's consent prior to the message being delivered, *see Patriotic Veterans*, 821 F. Supp. 2d at 1076 (noting that if the IADMS did not exist, the plaintiff would be able to place automated calls to individuals in Indiana), § 399-p does not preclude the use of automated dialers. Rather, an individual can comply with both the TCPA and § 399-p by providing certain information at the beginning of the automated call.[1]

Finally, "a party that offers only arguments rejected on the initial motion does not meet the second requirement of §1292(b)." *Ralph Oldsmobile Inc.*, 2001 WL 55729, at *4. Here, Defendant merely reiterates the same arguments it made both on its motion to dismiss *and* on its motion for reconsideration. For example, the two cases upon which Defendant's current motion

---

[1] In the instant motion for certification, Defendant argues *for the first time* that it cannot comply with both the FDCPA and § 399-p, and that "[r]eview by the Circuit of this very important question is required." Def.'s Reply Mem. L. 11. In its motion to dismiss, Defendant argued that § 399-p was preempted by the *TCPA*—not the FDCPA—and, accordingly, this Court addressed only the issue of the preemptive effect of the TCPA. Notwithstanding that Defendant explicitly asks this Court to certify "the issue of whether the . . . TCPA . . . preempts plaintiff's state law claims under . . . GBL § 399-p(3)," Def.'s Mem. L. 5, Defendant argues that it cannot comply with both the FDCPA and § 399-p. Contrary to Defendant's assertions, the issue of whether the FDCPA conflicts with § 399-p is clearly irrelevant to the Court's consideration of Defendant's motion to certify the issue of whether the *TCPA* preempts § 399-p. Accordingly, the Court does not address Defendant's perplexing argument regarding the purported conflict between the FDCPA and § 399-p. Notably, Defendant does not appear to argue in its motion for certification that it cannot comply with both the TCPA and § 399-p.

primarily relies—*Patriotic Veterans* and *Klein v. Vision Lab Telecomms., Inc.*, 399 F. Supp. 2d

528 (S.D.N.Y. 2005)—were analyzed and discussed in Defendant's prior briefing to this Court.

*See* Def.'s Mem. L. Mot. to Dismiss 10-11; Def.'s Mem. L. Mot. to Reargue 10-11. In denying

Defendant's motion for reconsideration, the Court specifically noted that the motion offered

substantially the same arguments and relied on the same case law as the motion to dismiss. Yet,

despite the Court's prior admonishment, Defendant again relies on the same arguments that it

previously raised and which this Court has *twice* rejected.

### b. An Immediate Appeal will Not Materially Advance the Ultimate Termination of the Litigation

An immediate appeal will not materially advance the ultimate termination of this

litigation because even if this Court's ruling was reversed on appeal and Plaintiff's § 399-p claim

were dismissed, the case would still proceed with respect to Plaintiff's FDCPA claims, which are

closely related to the § 399-p claim. *See Pereira v. Cogan,* 265 B.R. 32, 34 (S.D.N.Y. 2001)

(noting that certification is "inappropriate when the 'remaining claims in the lawsuit [are] closely

related, and no appreciable savings in time would be realized by an appeal'") (quoting *Isra Fruit*

*Ltd. v. Agrexco Agric. Export Co.,* 804 F.2d 24, 25-26 (2d Cir.1986)); *cf. ABN Amro*

*Verzekeringen BV v. Geologistics Ams., Inc.*, Nos. 01 Civ. 5661 (DC), 02 Civ. 1238 (DC), 2003

WL 21543529, at *3 (S.D.N.Y. Jul. 9, 2003) (holding that certification would speed the ultimate

resolution of the matter where plaintiffs represented to the court that they would not pursue any

of their claims if the Second Circuit affirmed the court's decision). Accordingly, the dismissal of

Plaintiff's § 399-p claim on appeal would not significantly reduce the issues remaining in the

case. *See Westwood Pharm., Inc.*, 964 F.2d at 88 (questioning the propriety of certification

because "[e]ven if we were to hold that [the interlocutory appellee] is barred from raising the

[challenged defense], many of the same factual issues relevant to that defense would still have to be litigated"). Moreover, in light of the overlapping factual allegations underlying Plaintiff's FDCPA and § 399-p claims, discovery as to the claims is likely to overlap.[2] *See Isra Fruit Ltd.*, 804 F.2d at 25-26 (finding it "quite unlikely" that an immediate appeal would materially advance the termination of the litigation where elimination of the challenged claim was unlikely to result in "any appreciable saving of time" in trial of the remaining issues and where discovery as to all claims "appears likely to overlap to a considerable extent").[3]

Accordingly, the Court finds that Defendant's request for certification fails to meet the stringent "burden of persuading the court . . . that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *DiCola v. Am. Steamship Owners Mut. Protection & Indem. Assoc., Inc. (In re Prudential Lines, Inc.)*, 59 F.3d 327, 332 (2d Cir. 1995) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)) (internal quotation marks omitted).

## III.   Conclusion

For the reasons set forth above, Defendant's motion for certification for interlocutory appeal is DENIED. Moreover, as Defendant's motion for certification is denied, the Court need

---

[2] The parties disagree as to whether discovery on the FDCPA and § 399-p claims is likely to overlap. Plaintiff argues that both claims will require Defendant to produce records of its calls into New York, documents used or generated to instruct employees on the use of automatic dialing machines, documents showing the date and time telephone calls were made to New York residents, and documents indicating how telephone numbers were obtained for the phone calls at issue. Pl.'s Mem. L. Opp. 11-12. Defendant, on the other hand, states that if the Second Circuit reverses this Court's holding, "the scope of the litigation and related discovery will be substantially reduced." Def.'s Mem. L. 12. The Court agrees with Plaintiff that discovery on the FDCPA and § 399-p claims will substantially overlap, especially in light of Defendant's reliance on mere conclusory assertions that discovery costs would be "substantially reduced" if the § 399-p claim were dismissed on appeal.

[3] Defendant's argument that the "potential damages [under the § 399-p claim] could be financially ruinous to IC" is misplaced. Def.'s Mem. L. 11. The relevant inquiry under § 1292(b) is whether "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The amount Plaintiff may be able to recover from Defendant on the challenged claim is immaterial to the Court's determination of whether to certify the issue for interlocutory appeal.

not address Defendant's motion for a stay pending interlocutory appeal, which is DENIED as moot.[4]

The Clerk of the Court is respectfully directed to terminate the motion.  Doc. 41.

It is SO ORDERED.

Dated:     October 30, 2013
           New York, New York

Edgardo Ramos, U.S.D.J.

---

[4] To the extent that Defendant seeks a stay of this matter pending the Seventh Circuit's decision in *Patriotic Veterans*, that request is similarly denied.  The Seventh Circuit's decision is clearly not controlling on this Court. Although the Court has discretion to stay a matter pending the outcome of proceedings which bear on the case, even if such proceedings are not necessarily controlling of the action that is to be stayed, the Court finds that staying this matter will not promote judicial efficiency or minimize the possibility of conflicts between different courts.  *See Catskill Mountains Chapt. of Trout Unlimited Inc. v. U.S. Environmental Prot. Agency*, 630 F. Supp. 2d 295, 304-05 (S.D.N.Y. 2009); *cf. Fagan v. Republic of Austria*, No. 08 Civ. 6715 (LTS) (JCF), 2009 WL 1423338, at *4 (S.D.N.Y. May 19, 2009) (granting stay where "a number of claims in the complaint are intimately connected to claims currently on appeal before the *Second Circuit*") (emphasis added); *Wing Shing Prods. (BVI) Ltd. v. Simatelex Manufactory Co., Ltd.*, No. 01 Civ. 1044 (RJH) (HBP), 2005 WL 912184, at *1-*3 (S.D.N.Y. Apr. 19, 2005) (granting stay pending resolution of appeal of *the same court's* decision in a *related case*); *In re Literary Works in Elec. Databases Copyright Litig.*, No. MDL 1379, 2001 WL 204212 (GBD), at *3 (S.D.N.Y. Mar. 1, 2001) (granting a stay of proceedings pending a decision by the United States Supreme Court).